UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
JOEL GREENFELD
on behalf of himself and
all other similarly situated consumers

                     Plaintiff,

      -against-

UNITED RECOVERY SYSTEMS, L.P.

                    Defendant.
------------------------------------------------------------

**13 CV 1802**

**JUDGE BRICCETTI**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joel Greenfeld seeks redress for the illegal practices of United Recovery Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Joel Greenfeld*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 7, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon receipt of the said letter, Plaintiff sent the Defendant a letter via USPS Certified Mail on or about August 27, 2012 disputing the alleged debt.

12. Defendant ignored the said dispute letter and sent the Plaintiff a further collection letter on or about October 8, 2012 seeking to collect the said debt.

13. Defendant violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10) and 1692g for the failure to communicate that a disputed debt is disputed and for failing to verify the debt prior to the sending of another collection letter.

14. In addition, Defendant's said August 7, 2012 letter stated in pertinent part as follows: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

15. Said language is contradictory and outrageous, as the initial paragraphs of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

16. The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

17. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixteen (16) as if set forth fully in this cause of action.

18. This cause of action is brought on behalf of Plaintiff and the members of two classes.

19. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letters; (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank USA, NA; and (c) the collection letters were not returned by the postal service as undelivered; and (d) that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10) and 1692g for the failure to communicate that a disputed debt is disputed.

20. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter on or about August 7, 2012; (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank USA, NA; and (c) the collection letter was not returned by the postal service as undelivered; (d) and that the Defendant made deceptive and misleading representation in said letter, in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

26. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 14, 2013

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

5800 North Course Drive
Houston, Texas 77072

August 7, 2012


UNITED RECOVERY SYSTEMS
WWW.URSI.COM

Address Service Requested

#BWNFTZF #URS9500075612086#

22820398
Joel Greenfeld
5 SASEV CT UNIT 102
MONROE NY 10950-5930

Date: August 7, 2012
Creditor: Chase Bank U.S.A., N.A.
Account No.:
URS No : 22820398
Account Balance  $22,608.86
Telephone  888-732-7013, ext 4176
Call Our Office 24 Hours A Day

Our client Chase Bank U.S.A., N.A. is offering you a settlement of $4,521.77 in 3 payments over 3 months starting on August 21, 2012 Once all three (3) payments of $1,507.26 each have been paid to our office on time, we will consider this account settled in full

Each payment must be received by the due date or this settlement will be cancelled. If the settlement is cancelled any payments already received will be credited towards the full balance. Please send in your payments along with the payment stub to the address listed on the coupon.

Please call our toll free number, 888-732-7013 to confirm your interest in the settlement offer or to explain your circumstances

Chase Bank U.S.A., N.A. is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank U.S.A., N.A. is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,
PAUL S LEWIS ext 4176
United Recovery Systems, LP

---

**1 OF 3**

ACC# 22820398 - 0310
Mail Payment To:
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Payment Amt - $1,507.26
Due Date - August 21, 2012
Payable to: Chase Bank U.S.A., N.A
Detach Coupon And Mail Payment

**2 OF 3**

ACC# 22820398 - 0310
Mail Payment To:
United Recovery Systems, LP
P O Box 722929
Houston, TX 77272-2929

Payment Amt: - $1,507.26
Due Date - September 20, 2012
Payable to: Chase Bank U.S.A., N.A
Detach Coupon And Mail Payment

**3 OF 3**

ACC# 22820398 - 0310
Mail Payment To:
United Recovery Systems, LP
P.O Box 722929
Houston, TX 77272-2929

Payment Amt - $1,507.26
Due Date - October 20, 2012
Payable to: Chase Bank U.S.A., N.A
Detach Coupon And Mail Payment

August 27, 2012

From:
Joel Greenfeld
4 Taitch Ct. #301
Monroe, NY 10950-5930

To:
UNITED RECOVERY SYSTEMS, LP
5800 N. Course Drive
Houston, TX 77072

RE: Account # 22820398

Dear Management:

This letter is lawful notification to UNITED RECOVERY SYSTEMS, LP as the first step of due process of law pursuant to the Bill of Rights and the Federal Constitution, in particular Articles I, IV, V, VII, and IX of the Amendments,. Please take Notice that Joel Greenfeld CONDITIONALLY ACCEPTS YOUR CLAIM UPON BONA FIDE PROOF (in good faith and without deceit) that your claim is lawful and valid.

Please take lawful notice that in order to effect this *BONA FIDE PROOF*, UNITED RECOVERY SYSTEMS, LP via a legally authorized representative is lawfully required and hereby demanded to respond point by point in Truth, Fact, and Evidence to each and every item set forth in this correspondence before he or his Authorized Representative can make an offer to settle UNITED RECOVERY SYSTEMS, LP's alleged claim in this matter.

Please provide the following:

1. A copy of the contract that binds myself, a Natural Person, and UNITED RECOVERY SYSTEMS, LP a creature of the State who is defined as an ARTIFICIAL PERSON.

2. PROOF OF CLAIM via certified, notarized, specific, and relevant documents that UNITED RECOVERY SYSTEMS, LP:

    a. Has any contract or agreement which lawfully compels this Natural Person to accept and/or respond to any communications from UNITED RECOVERY SYSTEMS, LP.
    b. Is a lawful and valid party in interest in this matter.
    c. Is not an unrelated third party.
    d. Is not an unrelated third party debt collector.
    e. Did not purchase this alleged debt for an agreed upon cost from an alleged other COMPANY, CORPORATION, or Party.
    f. Is not acting on its own behalf and/or interests in this instant matter.
    g. When and how did you get my permission to obtain my consumer credit report.

Please have your legally authorized representative respond via signed affidavit, under penalty of perjury, and enclose copies of all relevant documents that demonstrate BONA FIDE PROOF OF YOUR CLAIM within 10 days of receipt of this letter, via certified mail.

This is not a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.

If your offices fail to respond to this validation request within 10 days from the date of your receipt, all references to this account must be deleted and completely removed from all of my 3 consumer credit report files Experian, Trans Union, Equifax, and a copy of such deletion request shall be sent to me immediately.

Your failure to provide a lawfully valid response within 10 days, as stipulated, is UNITED RECOVERY SYSTEMS, LP and their representatives admission to the fact that you have no BONA FIDE PROOF OF CLAIM in this instant matter which is your lawful, legal and binding agreement with and admission to this fact as true, correct, legal, lawful and binding upon you, in any court, anywhere in America, without your protest or objection or that of those who represent you.
Your silence is your acquiescence.

Dated: August 27, 2012                   All Rights Reserved,
                                         Respectfully submitted,


By:_____
Joel Greenfeld, American Citizen
Authorized Representative
4 Taitch Ct. # 301
Monroe, NY 10950-5930


Sent by Certified US Mail # 7011 2970 0003 5227 7371



5800 North Course Drive
Houston, Texas 77072

October 8, 2012

Address Service Requested

#BWNFTZF #URS55550923121O6#

22820398
Joel Greenfeld
5 SASEV CT UNIT 102
MONROE NY 10950-5930


**UNITED RECOVERY SYSTEMS** LP
WWW.URSI.COM

Date: October 8, 2012
Creditor: Chase Bank U.S.A., N.A.
Account No.: XXXXXXXXXXXX8614
URS No.: 22820398
Account Balance: $22,608.86
Telephone: 888-793-6186, ext 828
Call Our Office 24 Hours A Day
Account Number Masked for Your Security

Our client Chase Bank U.S.A., N.A. is offering you a settlement of $6,782.66 in 3 payments over 3 months starting on October 22, 2012. Once all three (3) payments of $2,260.89 each have been paid to our office on time, we will consider this account settled in full.

Each payment must be received by the due date or this settlement will be cancelled. If the settlement is cancelled any payments already received will be credited towards the full balance. Please send in your payments along with the payment stub to the address listed on the coupon.

Please call our toll free number, 888-793-6186 to confirm your interest in the settlement offer or to explain your circumstances.

Chase Bank U.S.A., N.A. is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank U.S.A., N.A. is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,
MRS W WHITE ext. 828
United Recovery Systems, LP

---

**1 OF 3**

ACC# 22820398 - 0310
Mail Payment To:
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Payment Amt - $2,260.89
Due Date - October 22, 2012
Payable to: Chase Bank U.S.A., N.A.
Detach Coupon And Mail Payment

**2 OF 3**

ACC# 22820398 - 0310
Mail Payment To:
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Payment Amt - $2,260.89
Due Date - November 21, 2012
Payable to: Chase Bank U.S.A., N.A.
Detach Coupon And Mail Payment

**3 OF 3**

ACC# 22820398 - 0310
Mail Payment To:
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Payment Amt - $2,260.89
Due Date - December 21, 2012
Payable to: Chase Bank U.S.A., N.A.
Detach Coupon And Mail Payment